# Plaintiff's Exhibit

# PX 4-3

**PX 4-3**

## DECLARATION OF CHRIS RATHSACK
## PURSUANT TO 28 U.S.C. § 1746

I, Chris Rathsack, hereby state that I have personal knowledge of the facts set forth below. If called as a witness, I could and would testify as follows:

1. My name is Chris Rathsack. I am a citizen of the United States and at least 18 years of age.

2. I am employed as a Business Director at Capital One Services, LLC, a wholly-owned affiliate of Capital One, N.A.

3. Capital One, N.A. and Capital One Bank (USA), N.A. combined offer a broad array of financial products and services to consumers, small businesses and commercial clients. Capital One offers VISA and MasterCard branded credit cards to consumers.

4. In May 2012, Capital One, N.A. acquired a credit card portfolio from HSBC. The following declaration may not apply to the practices of the recently acquired HSBC portfolio.

5. From time to time, Capital One, N.A. and Capital One Bank (USA), N.A. ("Capital One") receive requests from consumers to lower their credit card interest rates. Capital One has established guidelines and procedures for such requests.

6. Capital One currently offers three paths for a consumer to lower his or her interest rate. Each path has well established policies and procedures.

    a. **Hardship:** Consumers may request a temporary interest rate reduction (Not-To-Exceed 12 months) based on a bona fide hardship.

        i. A consumer or their representative with a valid power of attorney must contact Capital One directly.

Page 1

    ii. The consumer or their representative must explain the nature of their financial hardship.

    iii. The consumer or their representative must provide a reasonable explanation as to why they believe the hardship is temporary.

    iv. The consumer or their representative must express a willingness to repay the debt consistent with previously agreed to terms and conditions upon the expiration of the temporary APR reduction.

    v. Capital One assesses hardship requests on a case-by-case basis.

    vi. Capital One does not guarantee qualification for hardship programs nor guarantee a particular hardship interest rate.

    vii. Upon the expiration of the hardship program (not to exceed 12 months), the interest rate increases to the applicable APR in accordance with the account's terms and conditions. The APR that the account returns to is specifically identified in writing prior to the hardship APR reduction.

    viii. The reduced interest rate offered to hardship customers varies depending on circumstances, but does not currently go below 0.9%.

b. **Work-Out Programs:** Consumers, working with a bona fide credit counseling service, may request a work-out program. Under a work-out program, Capital One restricts the consumer's charging privileges and the consumer agrees to pay back the outstanding balance with fixed monthly payments at a fixed interest rate currently ranging between 1.9-14.9% over a fixed amount of time designed not to exceed 60 months.

Page 2

**PX 4-3**

      i. To participate in the network of credit counseling agencies that submit workout proposals on behalf of Capital One customers, bona fide consumer credit counseling agencies must have a legitimate business license and have established online connectivity with MasterCard RPPS.

     ii. Capital One assesses work-out proposals from consumer credit counseling agencies on a case-by-case basis.

    iii. Capital One does not guarantee that work-out requests or proposals will be accepted, or guarantee a particular work-out program interest rate.

    iv. Neither A+ FINANCIAL CENTER, LLC nor ACCELERATED ACCOUNTING SERVICES, LLC are currently eligible to make work-out offers on behalf of Capital One customers or otherwise participate in Capital One's work-out programs.

**c. Retention:** Consumers who have expressed a desire to close their Capital One account are occasionally offered a lower interest as an incentive to remain a customer. Delinquent accounts are not eligible for such retention offers. Retention offer decisions are based on a variety of market factors, which are proprietary.

I state under penalty of perjury that the foregoing statement is true and correct.

Executed on October 2, 2012, in Richmond, Virginia

_____
Chris Rathsack

Case 2:12-cv-14373-DLG   Document 3-24   Entered on FLSD Docket 10/23/2012   Page 5 of 17

# Plaintiff's Exhibit

# PX 4-4

## DECLARATION OF ROBERT METZGER
## PURSUANT TO 28 U.S.C. § 1746

I, Robert Metzger, hereby state that I have personal knowledge of the facts set forth below. If called as a witness, I could and would testify as follows:

1. My name is Robert Metzger. I am a citizen of the United States and am at least 18 years of age.

2. I work as a Compliance Analyst Lead for Experian North America ("Experian").

3. Experian is a global information solutions provider in the areas of consumer, marketing and business credit information and reference products and services. Experian's Marketing Services division uses data and analytics to help clients understand their customers more completely, communicate with them and measure the impact of marketing campaigns across channels.

4. As part of the marketing services business, Experian sells consumers' names, addresses, and telephone numbers to approved marketing clients. Experian's Marketing Services division, however, does not sell any consumer financial information to third-party marketers, including credit scores, credit history, or payment history.

5. Experian has never sold any information to the following organizations or individuals:

    a. ACCELERATED ACCOUNTING SERVICES LLC, located in Port St. Lucie, Florida;

    b. A+FINANCIAL CENTER, LLC, located in Port St. Lucie, Florida;

    c. ACCELERATED FINANCIAL CENTERS LLC, located in Port St. Lucie, Florida;

    d. CHRISTOPHER MIANO;

    e. DANA MIANO.

Page 1

**PX 4-4**

**PX 4-4**

I state under penalty of perjury that the foregoing statement is true and correct.

Executed on Aug 7, 2012, at Linsoln, NC

*[signature]*
Robert Metzger

Page 2

# Plaintiff's Exhibit

# PX 4-5

## DECLARATION OF DENNIS FLOOD
## PURSUANT TO 28 U.S.C. § 1746

I, Dennis Flood, hereby state that I have obtained personal knowledge of the facts set forth below from my own investigation or from Equifax employees who investigated the matters discussed herein. If called as a witness, I could and would testify as follows:

1. My name is Dennis Flood and I am the Director – Compliance for Equifax Inc., which is the parent company of Equifax Information Services LLC ("Equifax").

2. Equifax is a consumer credit reporting agency, with its corporate headquarters located at 1550 Peachtree Street, N.W., Atlanta, GA 30309.

3. In order for an entity to receive consumer credit information and data from Equifax, the entity must become a "subscriber" and undergo a thorough application process that includes on-site verification of the business.

4. Equifax requires that its subscribers have a legally permissible purpose under section 604 of the federal Fair Credit Reporting Act to access consumer credit information.

5. Entities such as credit card interest rate reduction services generally are not eligible to receive consumer credit data or information from Equifax, unless they have a legitimate permissible purpose.

6. At the request of the Federal Trade Commission ("FTC"), Equifax initiated a search of its records, to determine if any of the following entities are Equifax data providers or subscribers: Accelerated Accounting Services LLC, A+ Financial Center LLC, and Accelerated Financial Centers LLC.

7. According to Equifax's records, none of the entities listed in Paragraph 6 is an Equifax data provider or subscriber, nor have any of the entities listed in Paragraph 6 ever submitted an application to become an Equifax data provider or subscriber. As such,

Page 1

**PX 4-5**

Equifax's records do not reflect that it has provided information to these entities as its customer and the entities should not be in possession of information from Equifax under current policies and procedures.

I state under penalty of perjury that the foregoing statement is true and correct.

Executed on __10/17__, 2012, at __ATLANTA, GA__

_____
Dennis Flood

**PX 4-5**

Page 2

Case 2:12-cv-14373-DLG   Document 3-24   Entered on FLSD Docket 10/23/2012   Page 13 of 17

# Plaintiff's Exhibit

# PX 4-6

## DECLARATION OF JOSEPH WISNESKI
## PURSUANT TO 28 U.S.C. § 1746

I, Joseph Wisneski, hereby state that I have personal knowledge of the facts set forth below. If called as a witness, I could and would testify as follows:

1. My name is Joseph Wisneski. I am a Postal Inspector for the United States Postal Inspection Service ("USPIS") for the Miami Division, West palm Beach Domicile..

2. As a United States Postal Inspector, my duties include monitoring and investigating persons who are suspected of engaging in mail fraud or other acts that violate any laws or rules enforced by the USPIS. The USPIS also assists other law enforcement agencies.

3. On June 26, 2012, the Federal Trade Commission ("FTC") requested assistance from the USPIS in the investigation of A+ Financial Center LLC of Port Saint Lucie, Florida.

4. On July 13, 2012, USPIS staff conducted a drive-by of A+ Financial Center LLC's business premises located at 10258 and 10256 U.S. Highway 1, Port Saint Luice, Florida 34952.

5. Site numbers 10258 and 10256 appear to be part of one large suite located at U.S. Highway 1, Port Saint Lucie, Florida 34952.

6. USPIS staff took a number of pictures of A+ Financial Center's business premise. True and accurate copies of these pictures are Attachment A.

7. The photographs contained in Attachment A fairly and accurately represent A+ Financial Center LLC's business premises located at 10258 and 10256 U.S. Highway 1, Port Saint Luice, Florida 34952.

I state under penalty of perjury that the foregoing statement is true and correct.

Executed on *October 15*, 2012, in *Palm Beach County*

*[signature]*
Joseph Wisneski

Page 1

**PX 4-6**



