UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-CV-14373-DLG

FEDERAL TRADE COMMISSION,

    Plaintiff,

  v.

A+ FINANCIAL CENTER, LLC, a Florida limited liability company, also doing business as ACCELERATED FINANCIAL CENTERS, LLC,

ACCELERATED ACCOUNTING SERVICES LLC, a Florida limited liability company,

CHRISTOPHER L. MIANO, individually and as the managing member of Accelerated Accounting Services LLC, and

DANA M. MIANO, individually and as the managing member of A+ Financial Center, LLC,

    Defendants.

**RECEIVER'S UNCONTESTED MOTION TO AUTHORIZE FINAL PAYMENT OF PROFESSIONAL FEES AND COSTS
TO RECEIVER'S ACCOUNTANTS AND ATTORNEYS**

    Frank Scruggs, the Receiver appointed pursuant to the Temporary Restraining Order [ECF #10], the Preliminary Injunction [ECF #23], and Stipulated Final Judgment [ECF #205], moves for entry of an Order authorizing payment of (i) accounting fees and costs incurred by his forensic accountants, Berkowitz, Pollack Brant Advisors and Accountants LLP ("BPB") and (ii)

legal fees and costs incurred by his attorneys, Berger Singerman, LLP ("Berger Singerman"), and states:

### The Receiver Substantiated Attorneys' Fees and Accounting Fees Through Two Prior Applications and Supporting Exhibits

The Temporary Restraining Order ("TRO") [ECF #10] and the Preliminary Injunction Order [ECF #23] authorized the Receiver to engage outside professionals including legal counsel, accountants, investigators, and consultants. The Receiver engaged legal counsel and forensic accountants.

On November 30, 2012, the Receiver moved for entry of an Order authorizing payment of fees and costs for forensic accountants and legal counsel, through his First Application for Attorney's Fees and Forensic Accountant Fees [ECF #48] ("First Application"). The amounts sought were substantiated by supporting materials filed under seal on December 3, 2012 and were consented to by the Federal Trade Commission ("FTC") and Defendants.

The Court entered an Order Granting in Part First Application for Attorney's Fees and Forensic Accountant Fees [ECF #66], so that of the $129,094.06 in fees and costs sought for Berger Singerman, and the $27,167.00 sought for BPB in the First Application, the Court awarded combined $100,000.00. Of the $100,000.00 awarded, the Receiver paid $17,603.24 to BPB and $82,396.76 to Berger Singerman, enabling each to receive roughly sixty-four percent of their fees for which the Receiver sought authorization to pay.

After six additional months of service, the Receiver applied for an award of interim fees and costs for attorneys and accountants through May 31, 2013, by his Motion for Entry of an Order Authorizing an Interim Partial Payment of Attorney's Fees and a Full Payment of Accountant's Fees [ECF #91] ("Interim Application"). As with the First Application, the

amounts sought through the Interim Application were consented to by the FTC and the Defendants. The Interim request sought authorization to pay $125,000.00 in fees plus $11,104.89 in expenses to Berger Singerman, and $24,028.52 to BPB. The Court denied the request and expressed concern about the incurring of fees in excess of the previously authorized limit of $25,000 [ECF #20] and the prospect that professional fees might unduly diminish funds for the provision of consumer redress.

Subsequent to the Interim Application, the Receiver and his professionals investigated prospective defendants, developed claims, and provided substantial support to the FTC in its consideration of claims against prospective defendants. The Receiver also: conferred with various state attorneys general regarding prospective defendants; consulted with the FTC regarding potential claims; dissolved and wound up the Corporate Defendants in accordance with the Florida Revised Limited Liability Company Act (the "LLC Act"); evaluated the claims of former workers for unpaid wages; and instituted a compensatory claims process for former A+ Financial workers pursuant to the LLC Act. The Receiver also negotiated and settled claims against the Corporate Entities, including claims asserted by the State of Missouri Attorney General. The fees and costs incurred by the Receiver's attorneys during this period are demonstrated, in part, by the fees and costs incurred for the three month period in the report filed under seal as **Exhibit "A"**.

As demonstrated through Exhibit "A", the legal fees incurred by the Receiver and his professionals in the performance of services during the period since the Interim Application far exceed the amount that the Receiver, by this motion, seeks permission to pay accountants and attorneys. Currently, the Receiver holds $279,462.72 in reserve. The Receiver has sought leave of Court to pay $25,000 to the State of Missouri, $31,889.83, to pay former workers of the

Corporate Defendants, $19,000.00 to accountants, BPB, $2,000.00 to payroll processor ADP, $5,931.51 for the employer's share of payroll taxes, and $187.50 to Wells Fargo Bank for photocopies, for total additional disbursements of $84,008.84, resulting in a net balance of $195,453.88.

By this Motion, the Receiver seeks an Order authorizing payment to Berger Singerman in the amount of $195,453.80. That amount incorporates: (i) $46,697.30, the amount sought by the First Application, but not authorized; (ii) $136,104.89, the amount sought by the Interim Application, but not authorized; and (iii) the $12,651.69 difference between the sum of (i) and (ii) and the amount of attorneys' fees being sought.

Through this Motion, the Receiver is also seeking authorization to pay BDP the sum of $19,000.00 from the total amount of $24,028.52 previously requested, but not authorized for payment by the Court, in the Interim Application.

The amounts sought by the Receiver are uncontested. The FTC asserted in the October 21, 2015 status conference that the compensation sought by the Receiver is reasonable and that his efforts, and efforts of his attorneys and accountants, warrant compensation.

## Memorandum Of Law

Expenses of administration incurred by a receiver, including those of the receiver, its counsel and others employed by the receiver, constitute priority expenses for which compensation should be paid from the assets of the receivership. "The Receiver is entitled to reasonable out-of-pocket expenses for the performance of his duties under the order of appointment." *F.T.C. v. SlimAmerica*, 97-06072-CIV, 2008 WL 5435892, at *4 (S.D. Fla. 2008) (citing *S.E.C. v. Elliott*, 953 F.2d 1560, 1576-77 (11th Cir. 1992)). The Receiver here seeks an

award without objection from the Plaintiff or the Defendants further warranting the granting of the relief requested.

The premise of the Stipulated Final Judgment is that a distribution for consumer redress will not occur because the Individual Defendants lack sufficient resources and they left insufficient assets in the Corporate Defendants to enable them to fund consumer redress. Thus, a payment of receivership professional fees, after satisfaction of all creditors through the LLC winding up process, will not occur at the expense of consumers or creditors.

The Receiver, though a timekeeper and billing professional in Berger Singerman, LLP, is not seeking payment of his fees as Receiver. Rather, he seeks payment of the fees and costs incurred by the professionals who assisted him. When determining the propriety of a fee award, the Court should first consider whether the number of hours expended by the Receiver's professionals are reasonable. The fees for professional services for which the Receiver's professionals request compensation were necessary and beneficial to the receivership. The variety and complexity of the issues involved and the need to act expeditiously to meet the demands of possible litigation required substantial commitment of time and resources.

The lodestar method governs the process for determining attorneys' fees. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988); *Golf Clubs Away, LLC v. Hostway Corp.*, 2012 WL 2912709, at *2 (S.D. Fla. July 13, 2012). The lodestar is calculated by determining the reasonable hourly rate and the reasonable number of hours expended, and then multiplying those two numbers. "A lodestar figure that is based upon a reasonable number of hours spent on a case multiplied by a reasonable hourly rate is itself strongly presumed to be reasonable." *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1150 (11th Cir. 1993).

BERGER SINGERMAN
attorneys at law

Boca Raton   Fort Lauderdale   Miami   Tallahassee

350 East Las Olas Boulevard, 10th Floor Fort Lauderdale, Florida 33301  Telephone 954-525-9900  Facsimile 954-523-2872

The exhibits submitted in support of the Initial Application and the Interim Application reflects the hours, billing rates, and timekeepers for whose services the Receiver seeks authorization to pay. The remaining amount sought for legal fees since the Interim Application, $12,651.69, involves the same timekeepers. As evidenced in Exhibit "A" hereto, such fees expended by the Receiver's attorneys are reasonable in light of the services rendered and the results obtained.

The fees for professional services that the Receiver requests permission to pay were necessary and beneficial to the receivership estate. The variety and complexity of the issues involved and the need to act expeditiously to identify, investigate, determine strategies regarding potential litigation targets, take discovery with respect to those potential claims, and meet the demands of possible litigation required substantial investment of time.

The amounts charged are at a reasonable hourly rate. A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994).

Generally, "the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed,'" *ACLU v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999), provided that local attorneys have the skills to handle the specific type of matter at issue. *See Maceira v. Pagan*, 698 F.2d 38, 40 (1st Cir. 1983). The Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Loranger,* 10 F.3d at 781 (quoting *Norman*, 836 F.2d at 1303).

BERGER SINGERMAN
attorneys at law

Boca Raton   Fort Lauderdale   Miami   Tallahassee

350 East Las Olas Boulevard, 10th Floor Fort Lauderdale, Florida 33301  Telephone 954-525-9900  Facsimile 954-523-2872

The previously filed exhibits in support of the First Application and the Interim Application report individual time entries that identify: (a) the Receiver and Berger Singerman LLP attorney and support personnel who provided services; (b) the time expended by each individual; (c) each individual's hourly billing rate during the case; and, (d) the amount of fees attributable to each individual.

Attached to, and incorporated herein as Exhibit "A", is a summary of hours, rates, and timekeepers to substantiate the Receiver's request for permission to pay his attorneys, so that the total, when compared with the sum sought from the First Application and Interim Application, equals $195,453.80.

No party has voiced disagreement with the number of hours expended by the Receiver's retained professionals, or the amount sought by this motion, as the amount sought through this motion is a fraction of the actual time committed to this action.

**WHEREFORE**, the Receiver, respectfully requests that this Court enter an Order in the form attached as **Exhibit "B"** hereto: (a) approving and authorizing a payment of the fees and costs incurred by the Receiver's retained professionals Berkowitz Pollack & Brandt Advisors and Accountants, LLP, in the amount of $19,000.00; (b) authorizing a payment of the fees and costs incurred by the Receiver's retained professionals Berger Singerman LLP in the amount of $195,453.80; and (c) determining that such fees and costs requested by the Receiver's retained professionals are reasonable, and that the Court provide any and all other relief as the Court deems proper.

Dated: December 14, 2015

Respectfully submitted,

/s/ Andrew M. Hinkes
Andrew Hinkes (Fla. Bar No. 17848)
BERGER SINGERMAN LLP
*Attorneys for the Receiver*
350 E. Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL 33301
Telephone: (954) 712-5143
Facsimile: (954) 523-2872
E-Mail: Ahinkes@bergersingerman.com

**CERTIFICATE OF CONSULTATION PURSUANT TO LOCAL RULE 7.1(A)(3)**

Pursuant to Local Rule 7.1(A)(3), counsel for the Receiver conferred with counsel for the Federal Trade Commission and counsel for the Defendants and received authorization to report that they do not object to the entry of an Order granting the relief requested by this Motion.

**CERTIFICATE OF SERVICE**

I certify that the foregoing Receiver's Memorandum was served on all counsel of record via CM/ECF on December 14, 2015.

/s/ Andrew M. Hinkes
Andrew M. Hinkes

6825790-1

# EXHIBIT "B"
Proposed Order

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-CV-14373-DLG

**FEDERAL TRADE COMMISSION**,

    Plaintiff,

v.

**A+ FINANCIAL CENTER, LLC**, a Florida limited liability company, also doing business as **ACCELERATED FINANCIAL CENTERS, LLC**,

**ACCELERATED ACCOUNTING SERVICES LLC**, a Florida limited liability company,

**CHRISTOPHER L. MIANO**, individually and as the managing member of Accelerated Accounting Services LLC, and

**DANA M. MIANO**, individually and as the managing member of A+ Financial Center, LLC,

    Defendants.

## ORDER GRANTING RECEIVER'S UNCONTESTED MOTION TO AUTHORIZE FINAL PAYMENT OF PROFESSIONAL FEES AND COSTS TO RECEIVER'S ACCOUNTANTS AND ATTORNEYS

THIS CAUSE came before the Court on the *Receiver's Uncontested Motion to Authorize Final Payment of Professional Fees and Costs to Receiver's Accountants and Attorneys* [ECF # ___] (the "Motion").

6837405

**THE COURT**, has considered the Motion, the pertinent portions of the record, the Receiver's Final Report and Final Accounting [ECF# ___], and is otherwise fully advised in the premises.

The Court determines that the fees and costs requested in the Motion are reasonable and appropriate. Accordingly,

**IT IS HEREBY ORDERED** that

1. The Receiver's Motion is **GRANTED**.

2. The Receiver is hereby authorized to pay his attorneys, Berger Singerman, LLP, fees and costs in the total sum of $195,453.80.

3. The Receiver is hereby authorized to pay his accountants, Berkowitz Pollack Brant Advisors and Accountants, LLP, fees and costs in the total sum of $19,000.00.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this ____ day of December 2015.

UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record

6837405